## WALKER v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.

### No. 14436.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

Richard A. Dowling, of New Orleans, for appellant.

Philip S. Pugh, Jr., of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff claims 300 weeks' compensation for disability alleged to have resulted from injuries sustained on February 27, 1931, while working as a laborer for the defendant.

The defendant admitted that the plaintiff was employed by it and was injured while trucking cotton, the handle of the truck having struck his left shoulder, and that he was paid compensation from February 27, 1931, to October 5, 1931, and averred that the plaintiff had recovered from his injury and was capable of returning to work, but that he refused to do so.

There was judgment dismissing the suit, and plaintiff has appealed.

The plaintiff testified that he continued to suffer pain in his left shoulder after he was discharged by the doctors, and particularly when he attempted to work. He is corroborated by a lay witness, who states that plaintiff complained of experiencing pain while attempting to do some carpenter work.

Dr. Edw. S. Hatch, a bone and joint surgeon, an expert witness for the plaintiff, testified that he examined the patient twice, and that in his opinion plaintiff was capable of doing light work, such as sweeping lint at the cotton warehouse.

Doctors Shirley Lyons, John T. O'Ferrall, and G. C. Anderson, who examined and treated the plaintiff for a considerable period of time, testified that he had recovered from the traumatic injury and was capable of sweeping lint on the floor of the cotton warehouse, and that this form of light exercise would be beneficial to the injured part, rather than detrimental; having a tendency to fully strengthen the shoulder and restore it to its full normal use.

Two of the officials of the defendant testified that they had offered the plaintiff employment as a sweeper at the same rate of pay he earned as a trucker, but that he declined the offer and refused to return to work.

We are convinced that the plaintiff's complaint of incapacity is due to the fact that he did not use his arm and shoulder for a considerable period of time, and that if he had undertaken the light work, which was offered to him by defendant, his arm and shoulder would have been restored to normal in a short period of time. The medical testimony unquestionably establishes the fact that he was capable of performing this class of work. This was service of a reasonable character, and he had no right to refuse to work and thereby prolong the period during which compensation would have to be paid to him. This was the view of our learned brother below, and we agree with him.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.